IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.: 5:13-CR-12-MTT |
| : | |
| KYE WOL DYRESON a/k/a "KIM" : | Filed at _____ |
| : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and KYE WOL DYERSON, hereinafter referred to as "Defendant", and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the indictment and information against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant her understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in

defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c) Federal Rules of Criminal Procedure, as follows:

(A)   The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Thirteen of the Indictment which charges defendant with Use of Interstate Facility to Promote, Manage, and Carry on Prostitution, in violation of 18, United States Code, Section 1952(a)(3).

(B)   That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant on Count Thirteen to a maximum sentence of

2

five (5) years confinement, a maximum fine of $250,000 or both, and three (3) years of supervised release. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C) The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D) The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)  Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)  Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community.

(H)  The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(I)  The defendant understands that the Government may have various items of biological evidence in its possession in connection with this case that could be subjected to DNA testing. Biological evidence for this purpose is defined as any sexual assault forensic

4

examination kit and any other evidence that, in the course of the investigation and prosecution of this matter, has been detected and has been identified as semen, blood, saliva, hair, skin tissue, or some other type of biological material.

The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of any such biological evidence pursuant to 18 U.S.C. § 3600 in an attempt to prove defendant's innocence. The defendant fully understands this right to have any and all of the biological evidence in this case tested for DNA, has discussed this right with defendant's counsel, and knowingly and voluntarily waives the right to have such DNA testing performed on the biological evidence in this case. Defendant fully understands that because defendant is waiving this right, the biological evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)   Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present indictment as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any

particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon.

(K)     The United States of America and defendant hereby agree that any breach of this agreement by the defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve the defendant of defendant's plea of guilty; (b) permit the government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this information; (c) permit the government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the government to utilize against the defendant in any subsequent judicial proceeding any and all statements made by the defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)   That he will dismiss Counts One through Twelve, Fourteen through Nineteen and Thirty-Eight of the Indictment against defendant and accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant

(B)   That he further agrees, if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court. If the defendant is not completely truthful and candid in his cooperation with the Government, the defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the

Government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion. In addition, should the defendant fail to cooperate truthfully and completely with the Government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

(C) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the advisory guideline range. Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(I), based on any information provided by the defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation. This does not restrict the government's use of information previously known or independently obtained for such purposes.

(D) If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range. But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting

statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(6)

Nothing herein limits the sentencing discretion of the Court.

(7)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

9

STIPULATION OF FACTS:

A joint investigation by Macon Police Department, Federal Bureau of Investigation, Homeland Security Investigations, and Internal Revenue Service-Criminal Investigation was conducted on an establishment known as Sedona Tanning Salon, formerly known as Soft Hands Massage located at 1922 Riverside Drive, Macon, GA. The investigation revealed that the establishment(s) operated as a prostitution business in violation of the law of Georgia, Official Code of Georgia Annotated (O.C.G.A.) §16-6-9 (Prostitution) and §16-6-10 (Keeping a Place of Prostitution) from on or about March 1, 2008 through December 31, 2012.

From May 2011 through November 2012, Defendant assisted co-defendant CHAE in the management of Sedona Tanning Salon which operated as a place of prostitution. Defendant admits that the business never operated as a tanning salon as the one tanning bed housed at the place of business was not used by any of the male patrons. Female patrons were turned away. The business was open seven (7) days a week operating from approximately 9:00 a.m. to 11:00 p.m.

Defendant admits that during at least some of the time period in question, she served as the manager or House Mother as many times co-defendant CHAE was not personally on site. As the House Mother, Defendant would greet customers and escort the male customers to a room, advising him that one of the female prostitutes would be coming to the room to provide services. Defendant also controlled all cash monies received in the establishment and, when directed by CHAE to do so, ensured that the cash was given to either CHAE or one of the other ladies to deposit in the banking account(s) owned and controlled by CHAE.

Defendant would participate in the collection of a "house fee" of $60.00 for every patron, all of whom were male, who she greeted upon entry into the business. When the house fee was

paid in cash, it was paid directly to Defendant and she would assume custody and control over it. Defendant agrees that during the time period in question in which she was working at Sedona Tanning Salon, the business accepted credit cards, some of which required transmitting credit card information which at times affected interstate commerce as the information was transmitted across state lines. Defendant was present and observed the women, working as prostitutes, take credit cards as payment for services. On at least one occasion, namely June 6, 2011, Defendant ensured that that an interstate facility, namely a credit card terminal, was used to obtain proceeds for unlawful activity, namely prostitution, which promoted the business establishment.

The Government and Defendant stipulate and agree that the U.S.S.G § 3B1.1(c) is the appropriate adjustment for Defendant's role in the offense.

(9)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 16 day of January 2014.

MICHAEL J. MOORE
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

BY: _____
VERDA M. COLVIN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 018901

I, KYE WOL DYRESON, have read this agreement and had this agreement read to me by my attorney, LAURA HOGUE. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

*[signature]*
KYE WOL DYRESON
DEFENDANT

I, LAURA HOGUE, attorney for defendant, KYE WOL DYRESON, have explained the indictment and information and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

*[signature]*
LAURA HOGUE
ATTORNEY FOR DEFENDANT